[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: February 9, 1996 (Rights Restored 12/10/01) DATE OF APPLICATION: January 9, 2002 DATE OF APPLICATION FILED: January 9, 2002 DATE OF DECISION: September 24, 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Fairfield, GA 2, Docket Number CR91-61307.
Robert Brennan, Esq. For the State of Connecticut.
Norm Pattis. Esq. For the Petitioner.
SENTENCE AFFIRMED
 BY THE DIVISION
The Petitioner was convicted by a jury of the crime of Larceny in the Second Degree, a violation of General Statute § 53a-122, a class C felony, an offense carrying a maximum 10 year sentence and Engaging in Real Estate Without a License. a violation of General Statute § 20-235
(a), an offense carrying a maximum 6 month sentence. The petitioner was sentenced to eight years incarceration. It is this sentence petitioner seeks to have reviewed.
The underlying factual basis for the conviction is the enterprise of petitioner wherein he held himself out as a builder and advertised homes to sell for no down payment. Three individuals came forward and paid the petitioner varying sums of money in order for petitioner to secure for them a home. Apparently there was no intent on the part of the petitioner to provide homes as advertised. The aggregate amount taken from the three victims was $5,100. CT Page 13371
The sentencing court commented upon the amount of monies involved in the fraud, ". . . we're not dealing with a substantial amount of money in the aggregate in this case, slightly over $5,000, but what makes this case especially egregious to me are the circumstance of the victims and what Mr. Miller has done to them." (Transcript, February 9, 1996, page 46). The court went on to mention how petitioner targeted people who were unsophisticated, not of great means, and financially crippled them. "When they complained about what Mr. Miller did, the evidence showed that Mr. Miller harassed them with paperwork." (Transcript, page 47). The trial court cited an incident wherein the petitioner filed a civil lawsuit against a victim who testified against him and the court opined that the suit was designed to intimidate the victim and to derail the trial that was underway. (Transcript, page 47).
The court found the defendant to be remorseless.
Most importantly, the petitioner's prior criminal history reflects three federal convictions which apparently reflected fraud in the underlying facts. The petitioner "has three violations of federal probation which stemmed from similar incidents to the current matters." (Transcript, page 3).
At the hearing before the Division counsel for the petitioner indicated that petitioner was seeking to protect his rights and in doing so filed a substantial amount of paperwork. Counsel opined that petitioner, "is being penalized because he made strenuous efforts to bring his case to justice." Counsel further opined that the eight year terms was "a heavy, heavy sentence." Counsel for petitioner indicated that petitioner's penalty should not be enhanced because he did not know the law. Counsel requested an 18 month reduction in petitioner's sentence.
Petitioner addressed the Division, he expressed his culpability and that "he was wrong," he expressed his remorse and apologized to the victims.
Counsel for the state emphasized the petitioner's prior criminal history and represented that the penalty imposed was fair and reasonable.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory CT Page 13372 purposes for which the sentence was intended."
The Division is without authority to modify a sentences except in accordance with the accordance with the provisions of Connecticut Practice Book § 43-28 et seq., and Connecticut General Statute §51-94 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
Miano, J.
Ford, J.
Holden, J.
Miano, J., Ford, J. and Holden, J. participated in this decision. CT Page 13373